Pratt, J.
The testimony of Taft, one of the plaintiff's witnesses, shows *625 that Downs had notice o£ the payment made to B. F. Wells in 1869. The money due him at that time was offered him, and he refused to take it. The Statute of Limitations began to run against that portion of the claim from that time, and it was barred by 1876.
There is no evidence that makes this a case of trust, and the six-year term applies, enlarged eighteen months by the death of the debtor.
There is no evidence that any portion of the $22.50 was paid to the defendants; it was all paid to B. F. Wells. The plaintiff knew of his death and that administrators were appointed, and could not, by failing to inquire whether the remaining $3.40 had been paid, keep his claim against the estate alive indefinitely. Not more than seven years and "a half could be allowed him within which to bring his suit. The whole claim was, therefore, barred by the statute, and judgment should have been ordered for defendants. Judgment reversed, new trial ordered, costs of appeal allowed to defendant to abide the event.
Barnard, P. J., and Pratt, J., concur.